UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| VERMONT FEDERATION OF SPORTSMEN'S CLUBS, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> MATTHEW BIRMINGHAM, *et al.*, <br><br> *Defendants*. | Case No. 2:23-cv-710 |

## MOTION FOR A PRELIMINARY INJUNCTION AND FOR LEAVE TO FILE EXCESS PAGES IN A MEMORANDUM OF LAW

NOW COME Plaintiffs, by and through undersigned counsel, and hereby move for a Preliminary Injunction to prevent Defendants from enforcing the challenged provisions of Vermont law against Plaintiffs while this litigation is pending.

Plaintiffs request an evidentiary hearing pursuant to Local Civ. R. 7 (a)(6) and *Kern v. Clark*, 331 F.3d 9, 12 (2d Cir. 2003) (evidentiary hearings are mandatory when factual issues are in dispute). Without waiving their entitlement to a hearing, Plaintiffs incorporate by reference their contemporaneously-submitted Memorandum of Law and all exhibits filed in support thereof.

The annexed Memorandum of Law exceeds the ordinary page limitation for non-dispositive motions pursuant to Local Civ. R. 7(a)(4). Therefore, Plaintiffs request that this Court grant them leave to file it. Plaintiffs submit that insofar as the preliminary injunction they seek is akin to a dispositive motion in terms of the relief sought and the issues raised, and because of the need to create a record for purposes of any eventual

appellate review, the issues cannot fairly be briefed in only fifteen pages. Moreover, excess pages are required due to the importance of the constitutional issues implicated by the underlying complaint and this Motion, and because there are multiple plaintiffs and defendants in this litigation, and counsel is required to create a record with respect to each of the parties and their unique role in this suit. Additionally, much of the content of the Memorandum is made necessary by Supreme Court precedent on the issues raised herein. Plaintiffs respectfully submit that leave to file excess pages is supported by good cause as set forth above and will not prejudice Defendants.[1]

Respectfully submitted,

| | |
|---|---|
| HARDIN LAW OFFICE | DIGENOVA & TOENSING, LLP |
| By: /s/ *Matthew D. Hardin* | By: */s/ Brady C. Toensing* |
| Matthew D. Hardin, Vt. Bar. 5815 | Brady C. Toensing |
| 1725 Eye Street NW, Suite 300 | 1775 Eye Street NW, Suite 1150 |
| Washington, DC 20006 | Washington, DC 20006 |
| Phone: (202) 802-1948 | Phone: (202) 289-7701 |
| Email: Matt@MatthewHardin.com | Email: brady@digtoe.com |
| *Attorney for Plaintiff* | *Attorneys for Plaintiff* |

---

[1] Should the Defendants wish to file their own briefing in excess of the ordinary page limitations, Plaintiff will not object.

## Certificate of Service

I hereby certify that on this the 20th day of December 2023, I served a true and correct copy of the foregoing, accompanied by a copy of the accompanying Memorandum of Law, upon Defendants by depositing the same into the U.S. Mail, with First Class postage prepaid, addressed to:

1. Sarah George
   State's Attorney for Chittenden County
   32 Cherry Street, Suite 305
   Burlington, VT 05401

2. Matthew Birmingham
   Director, Vermont State Police
   45 State Drive
   Waterbury, VT 05671-1300

3. Charity Clark
   Attorney General of Vermont
   109 State Street
   Montpelier, VT 05609

I also sent courtesy copies of the aforementioned documents via email to:

1. Sarah George at sarah.george@vermont.gov.

2. Matthew Birmingham at matthew.birmingham@vermont.gov.

3. Charity Clark at ago.info@vermont.gov.

I further sent courtesy copies via facsimile to:

1. Sarah George at (802) 863-7440.

2. Matthew Birmingham at (802) 241-5551.

3. Charity Clark at (802) 828-2154.

I also verified that each Defendant was personally served with a copy of the Summons and Complaint on December 19, 2023.

/s/ Matthew D. Hardin
Matthew D. Hardin