## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

VERMONT FEDERATION OF SPORTSMEN'S
CLUBS, *et al.*

      *Plaintiffs*,

   v.

MATTHEW BIRMINGHAM, *et al.*,

      *Defendants.*

Case No. 2:23-cv-710

### PLAINTIFFS' MEMORADUM OF LAW IN OPPOSITION TO
### DEFENDANTS' MOTION FOR EXTENSION OF TIME AND
### FOR A SCHEDULING ORDER CONSOLIDATING PLAINTIFFS'
### PRELIMINARY INJUNCTION MOTION WITH THE MERITS

NOW COME Plaintiffs, by and through undersigned counsel, and hereby oppose

consolidation of the preliminary injunction hearing with the trial in this matter.

Plaintiffs also oppose the Defendants' request for an extension of time beyond February

7, 2024 to respond to the Motion for a Preliminary Injunction.

### Introduction

As set forth in their Complaint, Plaintiffs fear that they will be prosecuted by

Defendants for engaging in activities protected by the Second Amendment. ECF No. 1 at

29, ¶ 106. Defendants have made no effort to assuage Plaintiffs' credible fear of

prosecution while this lawsuit is pending, but Plaintiffs have nevertheless consented to

two separate extensions of time for Defendants to Respond to the Preliminary

Injunction. First, Plaintiffs consented to an extension of time through January 30, 2024.

ECF No. 5. Second, Defendants requested another extension before filing their instant

Motion, and Plaintiffs again consented, offering up to an additional seven days, which

has effectively tripled the amount of time ordinarily allowed under Local Civ. R. 7 (a)(3). ECF No. 14. Yet Defendants seek still more time.

As the Supreme Court has emphasized, "The constitutional right to bear arms in public for self-defense is not 'a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees.'" *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 70, 142 S. Ct. 2111, 2156 (2022). The State, however, proposes that Plaintiffs continue to be chilled in their exercise of constitutionally protected rights for at least five more months[1] without the benefit of a decision of this Court under the protective standards and process of a preliminary injunction. This proposed delay would prevent a decision by this Court until after the gun show exception for the waiting period expires on July 1, 2024 (which will shut down an important source of revenue and recruitment for the member clubs of the Vermont Federation of Sportsmen's Clubs). 17 V.S.A. §4019a(e). This would mean Defendants effectively "win" the preliminary injunction motion by their proposed delay even as the merits remain to be determined. Worse, when Plaintiffs eventually get their day in Court, Defendants seek to short-circuit the ordinary procedural protections of discovery, followed by summary judgment briefing and, if necessary, trial. Instead, Defendants seek to have this entire case determined on the basis of a single hearing. Plaintiffs oppose this request, and ask that this case be treated the same as any other case involving fundamental constitutional rights with the full panoply of procedural protections to ensure a fair presentation and consideration of the issues. To do otherwise would be to water down both the Plaintiffs' Second Amendment rights, and their procedural rights to an orderly adjudication of the entirety

---

[1] The State's Motion suggests that this case should be ripe for a preliminary injunction hearing only in July 2024. ECF No. 14 at 6.

of their claim. *Duncan v. Becerra*, 265 F. Supp. 3d 1106, 1115 (S.D. Cal. 2017) ("Second Amendment rights are not watered-down, second-class rights.").

The purpose of a preliminary injunction is to award interim relief on an expeditious basis. A preliminary injunction is no substitute for a trial, or even for more procedurally protective measures of adjudication such as summary judgment. This Court should award Plaintiffs the interim relief they seek, but it should not do so at the expense of a full and fair adjudication of all their claims in the ordinary course.

### Standard of Review

Defendants' Motions to Consolidate and for an Extension of Time are committed to this Court's sound discretion.

Fed. R. Civ. P. 65 (a) (2) provides that "the court may advance the trial on the merits and consolidate it with the hearing." Consolidation of a hearing on a preliminary injunction with a trial is inappropriate in cases where there is a "showing of substantial prejudice in the sense that a party was not allowed to present material evidence." *Abraham Zion Corp. v. Lebow*, 761 F.2d 93, 101 (2d Cir. 1985). "A preliminary injunction is just that—preliminary. It does not substitute for a trial, and its usual office is to hold the parties in place until a trial can take place." *Brown v. FBI*, 793 F. Supp. 2d 368, 383 (D.D.C. 2011), quoting *Cobell v. Norton*, 391 F.3d 251, 261, 364 U.S. App. D.C. 2 (D.C. Cir. 2004).

Motions for an extension of time are generally within the discretion of the trial court to grant, except that such discretion is not "untrammeled" and cannot be so granted with such readiness that they "threaten the concept of a uniform deadline." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 227 (2d Cir. 2004).

## Argument

### I.    The Preliminary Injunction Hearing Should not be Consolidated with the Trial.

"A preliminary injunction is just that — preliminary." *All. for Open Soc'y Int'l, Inc. v. United States Agency for Int'l Dev.*, No. 08-4917-cv, 2012 U.S. App. LEXIS 3193, at *10 (2d Cir. Feb. 2, 2012). A preliminary injunction "endeavors to achieve a rough justice between the parties" and can be "flexibly crafted." *Prods., Inc. v. Avnet*, Inc., 782 F.2d 1429, 1435 (7th Cir. 1986). It may be adjudicated even in the face of a record that consists of little more than "a mass of often conflicting evidence." *Id.* at 1430. Indeed, a preliminary injunction may be awarded based on evidence that is inadmissible in any other posture. *Mullins v. City of N.Y.*, 626 F.3d 47, 52 (2d Cir. 2010) ("hearsay evidence may be considered by a district court in determining whether to grant a preliminary injunction...To hold otherwise would be at odds with the summary nature of the remedy and would undermine the ability of courts to provide timely provisional relief."). A preliminary injunction "does not substitute for a trial, and its usual office is to hold the parties in place until a trial can take place." *Brown*, 793 F. Supp. 2d at 383, *quoting Cobell*, 391 F.3d at 261.

A preliminary injunction hearing is necessarily limited by its purpose to obtain "rough justice" and the court's ability to resolve masses of conflicting evidence without strict application of the ordinary evidentiary rules. By contrast, however, the purpose of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for a trial." *Cumberland Oil Corp. v. Thropp*, 791 F.2d 1037, 1043 (2d Cir. 1986), citing Fed. R. Civ. P. 56 advisory committee note (1963 Amendment).

Most cases involving Constitutional rights are resolved on summary judgment. See, e.g., *Dobbs v. Jackson Women's Health Org*., 142 S. Ct. 2228, 2234 (2022) (In a 14th Amendment challenge to a state that, the district court granted summary judgment; the Supreme Court reversed), *Md. Shall Issue, Inc. v. Moore*, 86 F.4th 1038, 1050 (4th Cir. 2023) (Keenan, J., dissenting and noting that a Second Amendment challenge had been decided on "cross-motions for summary judgment"), *Or. Firearms Fed'n v. Kotek*, No. 2:22-cv-01815-IM, 2023 U.S. Dist. LEXIS 92513, at *1 (D. Or. May 26, 2023) (partially granting and denying summary judgment), *303 Creative LLC v. Elenis*, 385 F. Supp. 3d 1147, 1150 (D. Colo. 2019) (granting summary judgment to defendants in 1st Amendment case), rev'd at 600 U.S. 570, 143 S. Ct. 2298, 2322 (2023) (granting summary judgment to plaintiffs).

On summary judgment, this Court will be able "to isolate and dispose of factually unsupported claims or defenses," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553 (1986). Summary judgment will operate as a sort of hybrid between the full rigor of a trial and the less rigorous preliminary injunction. *Cobell v. Norton*, 364 U.S. App. D.C. 2, 12, 391 F.3d 251, 261 (2004) ("Summary judgment substitutes for trial and it therefore makes sense to require evidentiary submissions to consist only of admissible evidence"). This Court and the parties will also have the opportunity to "weed out" any claims for which "there is no genuine issue as to any material fact" and "decide questions regarding the admissibility of evidence." *Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp. 2d 414, 418 (E.D.N.Y. 2013).

The State justifies its demand for a consolidated trial on the merits based on its claims that a preliminary injunction hearing will be duplicative to a full merits hearing,

the decision will be subject to appeal, and because it needs more time than is provided by the preliminary injunction process. ECF No. 14 at 4

      First, while a preliminary injunction hearing will deal with some of the same issues as a full merits hearing, it will do so in a preliminary way as is intended. The purpose of such a hearing is especially important in a case like this because it involves fundamental constitutional rights and allegations that citizens are suffering irreparable harm caused by violations of those rights. *See, e.g.*, *Mitchell*, 748 F.2d at 806 (deprivation of a constitutional right is *per se* irreparable injury), and *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) (there is a "presumption of irreparable injury that flows from a violation of constitutional rights."), *Antonyuk v. Chiumento*, Nos. 22-2908, 22-2972, 22-2933, 22-2987, 22-3237, 2023 U.S. App. LEXIS 32492, at *117 (2d Cir. Dec. 8, 2023) (cleaned up) (presuming that the government will enforce these challenged laws "in the absence of a disavowal by the government."), *Duke v. Smith*, 13 F.3d 388, 390 (11th Cir. 1994) (reversing judgment entered after mistakes made during consolidated preliminary injunction hearing and trial and remanding for further proceedings). It would be inappropriate to allow the State to continue to inflict irreparable harm for months to come, and this Court should not postpone such a finding on the delayed schedule proposed by the State.

      Furthermore, rather than being duplicative, the preliminary injunction hearing will enable a more efficient resolution of this case. The Court and parties will be able to narrow, focus, and clarify disputed issues in advance of summary judgment or trial. The process will also enable the parties to present more useful evidence based on the Court's indicative rulings on the preliminary injunction and evidentiary issues that will inevitably arise during that process.

Second, an appeal of this Court's ruling on the preliminary injunction motion is unlikely. Such appeals are largely futile, both because the Court's ruling on a preliminary injunction does not become the law of the case, *Sherley v. Sebelius*, 402 U.S. App. D.C. 178, 183, 689 F.3d 776, 781 (2012), and because any interlocutory appeal could quickly become moot if this Court issues a ruling on the underlying merits before it can be adjudicated. *Capriole v. Uber Techs., Inc.*, 991 F.3d 339, 343 (1st Cir. 2021) ("It has long been the law that an appeal from the denial of a preliminary injunction motion becomes moot when final judgment issues because the district court's denial of the motion merges with the final judgment."). Thus, it appears exceptionally unlikely that any reduplication of effort will be required if this Court adjudicates this case in the ordinary sequence with thoughtful consideration at each stage.

Third, the State does not need more time than allowed by the preliminary injunction process. Interim relief is necessarily awarded in a condensed process. Besides, the State has been litigating a challenge to the magazine ban in state court and, after lengthy extensions, has already filed pleadings in that case complete with retained experts and their reports. *State of Vermont v. Max Misch*, Docket No. 173-2-19 Bncr). Indeed, it appears likely that at least some subset of the testimony or affidavits created by the State in *Misch* may be susceptible to streamlined admissibility in this Court, Fed. R. Evid. 902 (4), such that the State need not reinvent the wheel or obtain any significant "new" testimony to present here. Presumably, this case would only require a caption change and a cut-and-pasting of those arguments.

As for the waiting period, the State has anticipated a court challenge since before the law was enacted. The governor allowed it to become law without his signature, and

transmitted to the legislature a letter in which he expressly anticipated judicial

challenges:

> I have significant concerns about the [waiting period's] constitutionality. My
> struggle with the overall bill lies in the fact that I, and all legislators, took an oath
> to 'not do any act or thing injurious to the constitution.' However, this matter is
> currently being taken up through constitutional legal tests across the country and
> will be decided in Federal Court.

2023 Vt. Sen. Journal 1951 (May 12, 2023).

Nevertheless, to the extent that the State seeks to present extensive expert

evidence, the State admits in its filing at ECF No. 14 at 3 *et seq*. that it has already begun

the process of retaining its experts. The Supreme Court has cast substantial doubt on

whether experts are needed at all, but it is even less clear why the State believes it must

front-load the record with voluminous expert testimony at the preliminary injunction

stage. A proper analysis of Second Amendment challenges requires only a "historical

inquiry" and basic "reasoning by analogy—a commonplace task for any lawyer or judge."

*Bruen*, 597 U.S. at 28.

To the extent that the State intends to marshal extensive expert evidence, social

science research, or comments from the professoriate (as it did in *Misch*)), it is contrary

to the Supreme Court's advisory that Second Amendment cases need only be

adjudicated based on "commonplace" analysis well within the ken of lawyers and judges.

The State will not be significantly prejudiced if it cannot obtain expert testimony *at all*,

much less if it cannot obtain such expert testimony for the purposes of a *preliminary*

hearing.

Although Second Amendment cases should now be determined based upon

relevant historical tradition and judicially-noticeable facts, *Id*. at 17, Plaintiffs should not

be denied their entitlement to a full and fair exploration of all evidence in discovery,

summary judgment briefing, and, if necessary, at trial. This is especially so because, based on its representations and its own motion at ECF No. 14, the State intends to inject substantial expert testimony into this case. To the extent that the State intends to needlessly complicate this case, including by creating questions as to the admissibility of expert testimony, the proper scope of expert testimony, and the quantum of expert testimony that is required to carry its burden,[2] Plaintiffs should be afforded the ordinary protections that flow from the ordinary procedural process of adjudicated cases in stages, rather than abruptly. This normal, staged process will also benefit this Court in arriving at a correct decision.

If the State later obtains the expert evidence that it purports to seek for purposes of the preliminary injunction hearing in this matter and wishes to present that evidence before trial, it will have its opportunity to do so, and Plaintiffs will have their opportunity to rebut such evidence, within the confines of admissibility on summary judgment or at trial.

## II.    The Motion for an Extension of Time Should be Granted Only in Part.

Plaintiffs have consented to two successive extensions for a response, which would allow Defendants over forty days to respond to the Plaintiff's Motion for a Preliminary Injunction. A further extension is unwarranted and prejudicial, effectively grants the state a victory on the merits, and denies Plaintiffs the right to exercise fundamental constitutional rights while this case remains pending. As a sister district

---

[2] In the *Misch* case, the State has argued (wrongly) that a criminal Defendant who presented no expert testimony of his own cannot prevail. *State of Vermont v. Max Misch*, Docket No. 173-2-19-Bncr (State's Opposition to Motion to Dismiss, filed July 31, 2023) (Defendant's decisions not to retain experts "highlight Defendant's failure to carry his burden.").

court has noted, "justice delayed is justice denied." *Medien Patent Verwaltung AG v. Warner Bros. Entm't*, 2014 U.S. Dist. LEXIS 38690, at *7 (S.D.N.Y. Mar. 21, 2014).

The local rules ordinarily require a motion for a preliminary injunction to be opposed within 14 days. Local Civ. R. 7 (a)(3). The swift adjudication provided for by these rules is consistent with the broader presumptions that flow in the Plaintiffs' favor in a constitutional case of this type.  Defendants here seek 63 days (an extension through February 21, 2024), which is over four times the time provided by local rules. No good cause has been shown to support such a long extension of time, or at a minimum any good cause is dwarfed by the presumption of harm from delay that Plaintiffs are entitled to at this stage of the proceedings.

Plaintiffs are sensitive to the time demands on counsel and have already consented to two separate extensions, offering the State more than six weeks to formulate a response to its *preliminary* injunction motion. The State's main reason for seeking delay appears to be its perceived need to obtain expert testimony, but the State has already made great strides towards obtaining such testimony and the relevance of such testimony is debatable at best. In any event, there need be no quarrel between the State and the Plaintiffs at this stage: the preliminary injunction can be adjudicated expeditiously on the basis of "commonplace" "reasoning by analogy," and the State can later obtain and produce any admissible expert testimony on summary judgment or at trial. The purpose of Plaintiffs' preliminary injunction motion is being undermined by further delay and the State's deadline to respond should not be pushed beyond February 7, 2024 (or shortly thereafter).

## Conclusion

This Court should deny the Motion to Consolidate the hearing on the preliminary injunction in this matter with the trial. It should grant the Motion for an Extension of Time only in part (through February 7, 2023).


Respectfully submitted,


HARDIN LAW OFFICE

By: /s/ *Matthew D. Hardin*
    Matthew D. Hardin
1725 Eye Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: Matt@MatthewHardin.com

*Attorney for Plaintiff.*

DIGENOVA & TOENSING, LLP

By: */s/ Brady C. Toensing*
    Brady C. Toensing
1775 Eye Street NW, Suite 1150
Washington, DC 20006
Phone: (202) 289-7701
Email: brady@digtoe.com

*Attorneys for Plaintiff*


## Certificate of Service

I hereby certify that on this the 22nd day of January 2024, I served a true and correct copy of the foregoing, upon Defendants via filing the same through CM/ECF.


/s/ Matthew D. Hardin
Matthew D. Hardin