# UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

| | |
|---|---|
| VERMONT FEDERATION OF SPORTSMEN'S CLUBS,<br><br>POWDERHORN OUTDOOR SPORTS CENTER, INC.,<br><br>JPC, INC. (D/B/A BLACK DOG SHOOTING SUPPLIES),<br><br>PAUL DAME, and<br><br>MARSHA J. THOMPSON<br><br>    Plaintiffs,<br><br>    v.<br><br>MATTHEW BIRMINGHAM, Director of the Vermont State Police, in his Official and Personal Capacities,<br><br>CHARITY CLARK, Attorney General of the State of Vermont, in her Official and Personal Capacities, and<br><br>SARAH GEORGE, State's Attorney for Chittenden County, in her Official and Personal Capacities,<br><br>    Defendants. | Civil Case No. 2:23-cv-00710 |

## DEFENDANTS' ANSWER

Defendants submit the following answer to Plaintiffs' Complaint:

1. This paragraph contains a statement of Plaintiffs' intent or of the law, to which no response is required. To the extent a response is required, the allegations are denied. Denied that the statutes in question are unconstitutional.

2.    This paragraph contains a statement of Plaintiffs' intent or of the law, to which no response is required. To the extent a response is required, the allegations are denied. Denied that the statutes in question are unconstitutional.

3.    This paragraph contains argument to which no response is required. Admitted that some Vermonters used lawful firearms throughout Vermont's history and that the Green Mountain Boys fought in the Revolutionary war. Otherwise, denied.

4.    This paragraph contains argument to which no response is required. Admitted that Article 16 of the Vermont Constitution, as construed in *State v. Misch*, 2021 VT 10, 214 Vt. 319, 256 A.3d 519 (2021), protects a right to bear arms in individual self-defense, subject to reasonable regulation. Otherwise, denied.

5.    This paragraph contains statements of law and argument to which no response is required.

6.    Admit that Vermont adopted the firearm safety measures cited in this paragraph. Denied that either statute is unconstitutional.

7.    Denied.

8.    Denied.

9.    This paragraph contains statements of law and argument to which no response is required. To the extent a response is required, the allegations are denied. Denied that the statute in question, which serves a legitimate and compelling state purpose, is unconstitutional.

10.    Denied.

11.    Denied.

12.    Denied.

13.  Denied.

14.  This paragraph contains statements of law and argument to which no response is required. To the extent a response is required, the allegations are denied.

15.  Denied.

16.  This paragraph contains a statement of Plaintiffs' intent or of the law, to which no response is required.

17.  This paragraph contains a statement of Plaintiffs' intent or of the law, to which no response is required.

18.  This paragraph contains a statement of Plaintiffs' intent or of the law, to which no response is required.

19.  This paragraph contains a statement of Plaintiffs' intent or of the law, to which no response is required.

20.  This paragraph contains a statement of Plaintiffs' intent or of the law, to which no response is required.

21.  This paragraph contains a statement of Plaintiffs' intent or of the law, to which no response is required.

22.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

23.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

24.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

27. Admitted that Colonel Matthew Birmingham is the Director of the Vermont State Police. His powers, duties, and responsibilities are as described by statute, including, but not limited to, the statute cited in this paragraph. Denied that the cited case applies to Col. Birmingham.

28. Admitted that Charity Clark is Vermont's Attorney General. Her powers, duties, and responsibilities are as described by statute, including, but not limited to, the statute cited in this paragraph. Denied that the cited case applies to Attorney General Clark.

29. Admitted that Sarah George is the State's Attorney for Chittenden County, Vermont. Her powers, duties, and responsibilities are as described by statute, including, but not limited to, the statute cited in this paragraph. Denied that the cited case applies to State's Attorney George.

30. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

31. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

32.   This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

33.   This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

34.   This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

35.   This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

36.   This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

37.   This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

38.   Denied.

39.   Admitted that the statute contains the quoted provisions.

40.   Denied.

41.   Admitted that the statute contains the quoted provisions; Otherwise, denied.

42. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

43. Denied.

44. Denied.

45. Denied to the extent the paragraph suggests that such experimental weapons were mass produced or in common use; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

46. Denied to the extent the paragraph suggests that such experimental weapons were mass produced or in common use; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

47. Denied to the extent the paragraph suggests that such experimental weapons were mass produced or in common use; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

48. Denied to the extent the paragraph suggests that such experimental weapons were mass produced or in common use; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

49. Denied to the extent the paragraph suggests that such experimental weapons were mass produced or in common use; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

50. Denied to the extent the paragraph suggests that such experimental weapons were mass produced or in common use; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

51.  Denied.

52.  Denied.

53.  Plaintiffs selectively quote from the cited sources. Those sources speak for themselves. Denied to the extent the paragraph suggests that such weapons were in common use for self-defense; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

54.  Plaintiffs selectively quote from the cited sources. Those sources speak for themselves. Denied to the extent the paragraph suggests that such weapons were in common use for self-defense; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

55.  Plaintiffs selectively quote from the cited sources. Those sources speak for themselves. Denied that the firearm "won the west," and denied to the extent that the allegation implies that such weapons were in common use for self-defense. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

56.  Plaintiffs selectively quote from the cited sources. Those sources speak for themselves. Denied to the extent the paragraph suggests that such weapons were in common use for self-defense; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

57.  Plaintiffs selectively quote from the cited sources. Those sources speak for themselves. Denied to the extent the paragraph suggests that such weapons were in common use for self-defense; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

58.  Plaintiffs selectively quote from the cited sources. Those sources speak for themselves. Denied to the extent the paragraph suggests that such weapons were in common use for self-defense; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

59.  Plaintiffs selectively quote from the cited sources. Those sources speak for themselves. Denied to the extent the paragraph suggests that such weapons were in common use for self-defense; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

60.  Plaintiffs selectively quote from the cited sources. Those sources speak for themselves. Denied to the extent the paragraph suggests that such weapons were in common use for self-defense; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

61.  Denied.

62.  This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

63.  Denied.

64.  Denied to the extent the paragraph implies that gun ownership is common. The significant majority of Americans do not own firearms, and, at most, a small fraction of Americans own large capacity magazines. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

65. Denied to the extent the paragraph implies that large capacity magazines are common. The significant majority of Americans do not own firearms, and, at most, a small fraction of Americans own large capacity magazines. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

66. This paragraph is ambiguous and cannot be answered with particularity. Denied to the extent the paragraph implies that large capacity magazines are common. The significant majority of Americans do not own firearms, and, at most, a small fraction of Americans own large capacity magazines.

67. Denied to the extent the paragraph implies that large capacity magazines are common. The significant majority of Americans do not own firearms, and, at most, a small fraction of Americans own large capacity magazines. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

68. Denied to the extent the paragraph implies that large capacity magazines are common. The significant majority of Americans do not own firearms, and a small fraction of Americans own large capacity magazines. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

69. Denied to the extent the paragraph implies that large capacity magazines or the cited firearms are common. The significant majority of Americans do not own firearms, and, at most, a small fraction of Americans own large capacity magazines. Denied to the extent the paragraph implies that large capacity magazines are needed for defensive purposes.

Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

70. Denied that large capacity magazines are "the best choice" for home defense. Denied that the cited weapons are effectively used by persons without experience or training. Defendants lack knowledge or information sufficient to form a belief as to what Defendant Thompson teaches.

71. Denied to the extent the paragraph implies that large capacity magazines are common. The significant majority of Americans do not own firearms, and, at most, a small fraction of Americans own large capacity magazines. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

72. Denied to the extent the paragraph implies that large capacity magazines are common. The significant majority of Americans do not own firearms, and, at most, a small fraction of Americans own large capacity magazines. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

73. Denied to the extent the paragraph implies that large capacity magazines are common. The significant majority of Americans do not own firearms, and a at most small fraction of Americans own large capacity magazines. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

74. Denied to the extent the paragraph implies that large capacity magazines are common. The significant majority of Americans do not own firearms, and, at most, a small fraction

of Americans own large capacity magazines. Denied to the extent the paragraph suggests that the listed firearms require large capacity magazines to operate properly. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

75.   Denied to the extent the paragraph implies that large capacity magazines are common. The significant majority of Americans do not own firearms, and, at most, a small fraction of Americans own large capacity magazines. Denied to the extent the paragraph suggests that the listed firearms require large capacity magazines to operate properly. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

76.   Denied to the extent the paragraph implies that large capacity magazines are common. The significant majority of Americans do not own firearms, and, at most, a small fraction of Americans own large capacity magazines. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

77.   This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

78.   This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

79. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

80. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

81. Denied that any particular capacity magazine is required for the vast majority of firearms or, more specifically, that firearms must utilize large capacity magazines to operate properly. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

82. Denied that any particular capacity magazine is required for the vast majority of firearms or, more specifically, that firearms must utilize large capacity magazines to operate properly. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

83. Denied that any particular capacity magazine is required for the vast majority of firearms or, more specifically, that firearms must utilize large capacity magazines to operate properly. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

84. Denied that any particular capacity magazine is required for the vast majority of firearms or, more specifically, that firearms must utilize large capacity magazines to operate properly. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

85. Denied that any particular capacity magazine is required for the vast majority of firearms or, more specifically, that firearms must utilize large capacity magazines to operate properly. Denied that a magazine is not an accessory. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

86. Denied.

87. This paragraph contains argument or statements of law to which no response is required. To the extent a response is required, the allegations are denied.

88. The first sentence is admitted. The second sentence is admitted to the extent that at least 80 percent of defensive gun uses do not involve a shot being fired. Otherwise, denied.

89. This paragraph contains argument to which no response is required. To the extent a response is required, the allegations are denied. To the extent the paragraph contains factual assertions, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and they are, therefore, denied.

90. The factual assertions in this paragraph are denied; it is exceedingly rare for more than 10 rounds to be fired in self-defense. Otherwise, this paragraph contains argument to which no response is required. To the extent a response is required, the allegations are denied.

91. Admitted that the statute contains the quoted provisions.

92. This paragraph contains argument or statements of law to which no response is required. The statue speaks for itself.

93. Admit that the statute was intended to reduce suicides and community violence. Otherwise, denied.

94.  Defendants lack knowledge or information sufficient to form a belief as to the factual
     assertions in this paragraph, therefore, they are denied. The remainder of the paragraph
     contains argument to which no response is required.

95.  This paragraph contains argument or statements of law to which no response is required.
     The statue speaks for itself.

96.  This paragraph contains argument and statements of law to which no response is
     required. Plaintiffs selectively quote from the cited cases. Those cases speak for
     themselves.

97.  Denied. While some historical laws were discriminatory, most were not.

98.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the
     allegations, therefore, they are denied.

99.  Denied.

100. Denied.

101. Denied.

102. This paragraph contains argument and statements of law to which no response is
     required. Plaintiffs selectively quote from the cited cases. Those cases speak for
     themselves.

103. Denied.

104. Defendants lack knowledge or information sufficient to form a belief regarding Plaintiffs'
     desires, therefore, the allegations are denied. Denied that large capacity magazines are
     commonly used for defense or other lawful purposes.

105. Defendants lack knowledge or information sufficient to form a belief as to the truth of the
     allegations, therefore, they are denied.

106. Defendants lack knowledge or information sufficient to form a belief regarding Plaintiffs' fears, therefore, the allegations are denied. Denied that large capacity magazines are commonly owned.

107. Defendants lack knowledge or information sufficient to form a belief regarding Plaintiffs' anticipated wants and needs regarding magazine purchases, therefore, the allegations are denied.

108. The third sentence is denied to the extent it implies that large capacity magazines are necessary for hunting, fishing, trapping, or competitive target shooting; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, they are denied.

109. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied. Denied to the extent the paragraph implies that large capacity magazines are common. The significant majority of Americans do not own firearms, and, at most, a small fraction of Americans own large capacity magazines.

110. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied. The paragraphs' legal arguments regarding standing are denied.

111. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied.

112. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied. Denied that the statutes infringe constitutional rights.

113. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied.

114. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied.

115. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied. Denied that any Plaintiffs' constitutional rights have been damaged.

116. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied. Denied to the extent the paragraph implies that large capacity magazines are common. The significant majority of Americans do not own firearms, and, at most, a small fraction of Americans own large capacity magazines. Denied to the extent the paragraph implies that firearms equipped with large-capacity magazines are commonly used for self-defense. Denied to the extent the paragraph implies that any significant number of firearms are able to be used only when equipped with large-capacity magazines. Denied that any Plaintiffs' constitutional rights have been damaged.

117. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied. Denied that any Plaintiffs' constitutional rights have been damaged.

118. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied.

119. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied. Denied that firearms are inoperable without large capacity magazines.

120. Denied.

121. Defendants lack knowledge or information sufficient to form a belief regarding Plaintiffs' fears, therefore, they are denied.

122. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

123. Defendants lack knowledge or information sufficient to form a belief regarding Plaintiffs' fears or their intent, therefore, they are denied.

124. Denied.

125. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied. Denied that any Plaintiffs' have been deprived of constitutional rights.

126. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied.

127. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied.

128. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied.

129. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied.

130. Admitted.

131. Defendants lack knowledge or information sufficient to form a belief regarding the allegations, therefore, they are denied.

132. This paragraph contains statements of law and argument to which no response is required. To the extent a response is required, the allegations are denied.

133. Denied.

134. Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff Dame's fears, therefore, they are denied.

135. Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff Dame's thoughts, therefore, they are denied.

136. Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff Dame's fears, therefore, they are denied.

137. Defendants lack knowledge or information sufficient to form a belief regarding Defendant Thompson's intent, therefore, they are denied. Admitted that the statute would delay delivery of a firearm for 72 hours. Denied that the delay violates Plaintiffs' constitutional rights.

138. Denied.

139. Denied.

140. Denied.

141. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

142. Denied.

143. Denied.

144. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied

150. Denied

151. Denied.

152. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

153. Denied that the Defendants have deprived Plaintiffs of constitutional rights.

154. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

155. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves. To the extent a response is required, the allegations are denied.

156. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

157. This paragraph contains a statement of Plaintiffs' intent or legal argument to which no response is required. To the extent a response is required, the allegations are denied.

158. This paragraph contains a statement of Plaintiffs' intent or legal argument to which no response is required. To the extent a response is required, the allegations are denied.

159. This paragraph contains a statement of Plaintiffs' intent or legal argument to which no response is required. To the extent a response is required, the allegations are denied.

160. This paragraph contains a statement of Plaintiffs' intent or legal argument to which no response is required. To the extent a response is required, the allegations are denied.

161. This paragraph contains a statement of Plaintiffs' intent or legal argument to which no response is required. To the extent a response is required, the allegations are denied. Denied that any Defendant has deprived any Plaintiff of a constitutional right.

162. This paragraph contains a statement of Plaintiffs' intent or legal argument to which no response is required. To the extent a response is required, the allegations are denied. Denied that any Defendant has deprived any Plaintiff of a constitutional right.

163. This paragraph contains a statement of Plaintiffs' intent or legal argument to which no response is required. To the extent a response is required, the allegations are denied. Denied that any Defendant has deprived any Plaintiff of a constitutional right.

164. This paragraph contains a statement of Plaintiffs' intent or legal argument to which no response is required. To the extent a response is required, the allegations are denied. Denied that any Defendant has deprived any Plaintiff of a constitutional right.

165. This paragraph contains a statement of Plaintiffs' intent or legal argument to which no response is required. To the extent a response is required, the allegations are denied. Denied that any Defendant has deprived any Plaintiff of a constitutional right.

166. This paragraph contains a statement of Plaintiffs' intent or legal argument to which no response is required. To the extent a response is required, the allegations are denied. Denied that any Defendant has deprived any Plaintiff of a constitutional right.

167. This paragraph contains a statement of Plaintiffs' intent or legal argument to which no response is required. To the extent a response is required, the allegations are denied. Denied that any Defendant has deprived any Plaintiff of a constitutional right.

168. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

169. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

170. This paragraph contains a statement of Plaintiffs' intent or legal argument to which no response is required. To the extent a response is required, the allegations are denied. Denied that any Defendant has deprived any Plaintiff of a constitutional right.

171. This paragraph contains a statement of Plaintiffs' intent or legal argument to which no response is required. To the extent a response is required, the allegations are denied. Denied that any Defendant has deprived any Plaintiff of a constitutional right.

172. Denied.

173. This paragraph contains a statement of Plaintiffs' intent or legal argument to which no response is required. To the extent a response is required, the allegations are denied. Denied that any Defendant has deprived any Plaintiff of a constitutional right.

174. Denied.

175. This paragraph contains a statement of Plaintiffs' intent or legal argument to which no response is required. To the extent a response is required, the allegations are denied. Denied that any Defendant has deprived any Plaintiff of a constitutional right.

176. Defendants repeat and incorporate their answers to Plaintiffs' prior allegations.

177. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

178. Denied.

179. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

180. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

181. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

182. Denied.

183. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

184. Defendants repeat and incorporate their answers to Plaintiffs' prior allegations.

185. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

186. This paragraph contains argument and statements of law to which no response is required. The statute speaks for itself.

187. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

188. Denied.

189. This paragraph contains argument and statements of law to which no response is required. To the extent a response is required, the allegations are denied.

190. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

191. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

192. Denied.

193. Denied.

194. This paragraph contains argument and statements of law to which no response is required. Plaintiffs selectively quote from the cited cases. Those cases speak for themselves.

195. Denied that Plaintiffs are entitled to the relief sought or any relief.


## Defenses

1.  Plaintiffs' claims are barred in part by Vermont's sovereign immunity and the Eleventh Amendment.

2.  Lack of standing.

3.  Failure to state a claim upon which relief may be granted.

4.   Preclusion.


Dated: January 30, 2024                    Respectfully Submitted,

                                           */s/ David R. Groff*
                                           David R. Groff
                                           Assistant Attorney General
                                           Office of the Attorney General
                                           109 State Street
                                           Montpelier, Vermont 05609-1001
                                           (802) 828-1101
                                           david.groff@vermont.gov

                                           Bridget Asay
                                           Michael Donofrio
                                           STRIS & MAHER LLP
                                           15 East State Street, Suite 2
                                           Montpelier, Vermont 05602
                                           (802) 858-4285
                                           basay@stris.com
                                           mdonofrio@stris.com

                                           *Attorneys for Defendants*