```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

VERMONT FEDERATION OF SPORTSMEN'S    :
CLUBS, ET AL.,                       :
                                     :
          Plaintiffs,                :
                                     :
v.                                   :    Case No. 2:23-cv-710
                                     :
MATTHEW BIRMINGHAM, ET AL.,          :
                                     :
          Defendants.                :
```

**OPINION AND ORDER**

Plaintiff Vermont Federation of Sportsmen's Clubs ("VFSC"), several other for-profit gun sports organizations, and two Vermont residents bring this action against Matthew Birmingham, Charity Clark, and Sarah George, high-level officials in Vermont state and local government. Plaintiffs allege that 13 V.S.A. § 4021, which prohibits possession and sale of "large capacity ammunition feeding device[s]," and 13 V.S.A. § 4019a, which prohibits transfer of a firearm without a background check or waiting period, are unconstitutional under the Second Amendment. ECF No. 1 at 12, 25. On December 20, 2023, Plaintiffs filed a motion for a preliminary injunction against enforcement of the Vermont laws. ECF No. 2.

Defendants filed a motion for extension of time to file a response to the motion for a preliminary injunction. ECF No. 14. They also requested that the Court consolidate the preliminary

injunction motion with its merits decision and "require the parties to confer on other aspects of a pretrial schedule consistent with having the case ready for merits adjudication by July 1, 2024." *Id.* at 2-3. Plaintiffs agreed to extend the preliminary injunction opposition deadline to February 7, but otherwise oppose the motion. *See* ECF No. 15. Defendants also filed a motion to extend time for a Rule 26(f) conference pending the Court's resolution of the consolidation motion, ECF No. 17, and a consented-to motion to exceed the page limit in response to Plaintiffs' preliminary injunction motion. ECF No. 19.

For the following reasons, the Court **denies** Defendants' motion to consolidate resolution of the preliminary injunction with a merits determination. ECF No. 14. It **grants** Defendants' motion to extend the deadline to respond to the preliminary injunction motion until February 21, 2024. ECF No. 14. It also **grants** as unopposed Defendants' motion to enlarge the page limit for its opposition brief to 40 pages. ECF No. 19. Defendants' motion for the Court to direct the parties to prepare other aspects of a pretrial schedule consistent with anticipation of a merits adjudication by July 1, 2024, ECF No. 14, and Defendants' motion to require the parties to conduct a Rule 26(f) conference and file a proposed discovery order no more than ten days after the issuance of this Order, ECF No. 17, are **denied** as moot.

**<u>Discussion</u>**

Pursuant to Fed. R. Civ. P. 65(a)(2), a court may "advance the trial on the merits and consolidate it" with a hearing on the motion for a preliminary injunction. A district court exercises "broad discretion" over the decision to consolidate proceedings. *Abraham Zion Corp. v. Lebow*, 761 F.2d 93, 101 (2d Cir. 1985). Consolidation is appropriate when "a substantial part of evidence offered on the application [for a preliminary injunction] will be relevant to the merits and will be presented in such form as to qualify for admission on the trial proper." *Citibank, N.A. v. Brigade Cap. Mgmt., LP*, 49 F.4th 42, 57 n.9 (2d Cir. 2022). Conversely, it is inappropriate when a party would suffer "substantial prejudice" because it "was not allowed to present material evidence." *Abraham Zion Corp.*, 761 F.2d at 101.

While Defendants are correct that Plaintiffs' preliminary injunction arguments "go directly to the merits of their Second Amendment claims," ECF No. 14 at 1, this is true of every preliminary injunction motion. *See, e.g.*, *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits."). Mere argumentative overlap is insufficient to warrant consolidation of a

preliminary injunction hearing with merits adjudication. To hold otherwise would be to justify consolidation in any case involving a preliminary injunction motion.

Final resolution of Plaintiffs' claims may require development of a "substantial evidentiary record," ECF No. 14 at 2, but this is not a reason for the Court to delay adjudication of Plaintiffs' preliminary injunction motion. Plaintiffs bear the burden of persuasion on each factor that the Court must weigh when evaluating the request for a preliminary injunction. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." (emphasis and quotation marks omitted)). Accordingly, the lack of time to develop a comprehensive evidentiary record before the preliminary injunction hearing does not unduly prejudice Defendants. Extending the litigation timeline – by considering the preliminary injunction request *and* conducting ordinary discovery and summary judgment briefing prior to trial – allows the parties to more thoroughly identify, research, and litigate the issues, ultimately contributing to a just and effective resolution. *Cf.* ECF No. 16 at 3-4 (Defendants arguing in favor of merits rulings on full records when advocating for consolidation). Additionally, the gradual development of a

factual record with evaluation of "factually unsupported claims or defenses" on summary judgment will allow for effective filtering of contested and uncontested issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Finally, the Court disagrees with Defendants' assertion that there is "no good reason" to litigate important constitutional issues in preliminary injunction motions. "A court will presume that a movant has established irreparable harm in the absence of injunctive relief if the movant's claim involves the alleged deprivation of a constitutional right." *J.S.R. by & through J.S.G. v. Sessions*, 330 F. Supp. 3d 731, 738 (D. Conn. 2018) (citing *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.")). Plaintiffs here allege that they face prosecution for exercise of their constitutional rights, which counsels in favor of expedited consideration of their claims. While Plaintiffs did wait a year and a half after the Supreme Court's decision in *Bruen* to file this lawsuit, *see* ECF No. 14 at 5, their underlying claim is nonetheless a fundamental rights violation. This also goes to Defendants' concern about duplicative litigation on appeal: while there certainly may be an appeal from this Court's decision on the preliminary injunction, concern over that inefficiency does not

warrant delayed consideration of an injunction request when plaintiffs claim violation of their constitutional rights.

While consolidation is not warranted, the Court grants Defendants' request to extend their deadline to file a response to the preliminary injunction motion to February 21, 2024. ECF No. 14 at 3. The Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen* makes clear that in order to "justify its [gun] regulation, . . . the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." 597 U.S. 1, 17 (2022). This mandates consideration of historical evidence (unlike many other contexts), which may require additional time for the parties to gather.[1] The extension of time will allow both parties to prepare such materials for the preliminary injunction hearing.

## Conclusion

For the reasons set forth above, Defendants' motion to consolidate proceedings is **denied**. ECF No. 14. Defendants' motions to extend the deadline to respond to the preliminary injunction motion until February 21, 2024, ECF No. 14, and to

---

[1] The parties dispute whether expert testimony will be needed to resolve these issues. The Court takes no position on that question. The extension of time for Defendants to file a response will allow them — and Plaintiffs — to organize briefing and locate witnesses, whether expert or not.

enlarge the page limit for its opposition brief to 40 pages, ECF No. 19, are **granted.** Defendants' motions for the Court to direct the parties to prepare other aspects of a pretrial schedule and to conduct a Rule 26(f) conference and file a proposed discovery order no more than ten days after the issuance of this Order are **denied** as moot. ECF Nos. 14, 17.

DATED at Burlington, in the District of Vermont, this 6th day of February, 2024.

<u>/s/ William K. Sessions III</u>
William K. Sessions III
U.S. District Court Judge
