UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| VERMONT FEDERATION OF SPORTSMEN'S CLUBS, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> MATTHEW BIRMINGHAM, *et al.*, <br><br> *Defendants*. | Case No. 2:23-cv-710 |

## MOTION FOR LEAVE TO FILE EXCESS
## PAGES IN REPLY MEMORANDUM OF LAW

NOW COME Plaintiffs, by and through undersigned counsel, and hereby move for leave to file the attached Reply Memorandum of Law, which is in excess of the ordinary page limits. Counsel for Defendants have consented to Plaintiffs' request to file the attached overlength brief.

Plaintiffs submit that good cause exists to extend the page limit and permit the attached memorandum to be filed because:

1. Insofar as the initial brief filed at ECF2-1 was in excess of the ordinary page limit (27 pages), the Response Brief was also in excess of the ordinary limit (ECF24 - 44 pages, plus hundreds of pages of exhibits), and the Court has also accepted an overlength amicus brief (ECF26-1 - 44 pages), it is natural and expected that the Reply Brief will necessarily be overlength to address all issues raised in this matter and the volume of materials which are now at issue.

1

2. Moreover, excess pages are required due to the importance of the constitutional issues implicated by the underlying complaint and this motion, and because Defendants have injected so many issues into this case, including voluminous declarations purporting to offer expert testimony.

3. Additionally, an overlength Reply is justified because of the burden of proof in this matter, which shifts to Defendants once Plaintiffs have made a *prima facie* showing that the Second Amendment applies. As the Second Circuit has explained, Plaintiffs need only establish that "the Second Amendment's plain text covers an individual's conduct." *Antonyuk v. Chiumento*, 89 F.4th 275, 298 (2d Cir. 2023). If so, "the Constitution presumptively protects that conduct." *Id*. To overcome the presumption of unconstitutionality, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*, quoting *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022). Thus, although Plaintiffs had the initial burden of showing the Second Amendment covers their conduct, the burden then shifted to the State to establish a historical tradition which justifies its regulation. Because the burden shifts at that stage, this case differs from a typical case in which a Court will "generally… not consider issues raised in a reply brief for the first time." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). Instead, as part of the process established by the Supreme Court for Second Amendment cases, it is natural that Plaintiffs will need to supplement their arguments on Reply to address the hundreds of pages already submitted by the State and Amici in

their attempt to carry the State's burden of proof. Plaintiffs also believe that their overlength Reply brief will assist the Court in reaching a proper decision.

WHEREFORE, Plaintiffs respectfully request leave to file the attached overlength Reply Brief.

Respectfully submitted,

| | |
|---|---|
| HARDIN LAW OFFICE | DIGENOVA & TOENSING, LLP |
| By: /s/ *Matthew D. Hardin* <br> Matthew D. Hardin, Vt. Bar. 5815 <br> 1725 Eye Street NW, Suite 300 <br> Washington, DC 20006 <br> Phone: (202) 802-1948 <br> Email: Matt@MatthewHardin.com | By: /s/ *Brady C. Toensing* <br> Brady C. Toensing <br> 1775 Eye Street NW, Suite 1150 <br> Washington, DC 20006 <br> Phone: (202) 289-7701 <br> Email: brady@digtoe.com |
| *Attorney for Plaintiff* | *Attorneys for Plaintiff* |