UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| Vermont Federation of Sportsmens' Clubs, Inc., et al. | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:23-cv-00710 |
| Matthew Birmingham, et al. | ) ) | |
| Defendants. | ) | |

## STIPULATED DISCOVERY SCHEDULE/ORDER

The parties submit the following Discovery Schedule pursuant to Local Rule 26(a)(2):

INTRODUCTION

1. In this case, discovery may be needed on the following subjects:

   a) Defendants' Position: Defendants intend to offer expert evidence on topics relevant to assessing the constitutionality of the challenged statutes under the Second Amendment, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *Antonyuk v. Chiumento,* 89 F.4th 271 (2d Cir. 2023), including: common linguistic usage of "arms" and other key terms; the historical development of relevant firearm and magazine technologies; the historical development of gun use and gun violence in America; self-defense; and technical features and operations of firearms and magazines. Defendants intend to seek discovery from plaintiffs related to the allegations in the Complaint and plaintiffs' arguments in support of the motion for a preliminary injunction.

   b) Plaintiff's Position: Plaintiffs intend to offer evidence to rebut evidence injected into this case by the defense, but note that their view of this case is that Plaintiffs

need only establish standing pursuant to *Ezell v. City of Chicago,* 651 F.3d 684, 697 (7th Cir. 2011), and that the Court can and should take judicial notice of legislative facts pursuant to *Reno v. Flores*, 507 U.S. 292, 300-01 (1993). Plaintiffs assert that as for the as-applied challenges, the Plaintiffs will introduce facts unique to the personal situation of each Plaintiff, but that much of the material the defense intends to introduce as set forth above is irrelevant and not likely to lead to the discovery of admissible evidence for the reasons set forth in Plaintiff's Reply Brief at ECF No. 32-1 and Motion to Exclude at ECF No. 31.

------------

Unless noted here to the contrary and in more detail, discovery in this matter shall not be conducted in phases or limited to particular enumerated issues.

2. The parties have conferred about disclosure, discovery, and preservation of electronically stored information ("ESI"). Unless noted otherwise, ESI shall be produced in the following format(s):

   The Parties agree that they will cooperate with the express objective of reasonably meeting each Party's discovery requests under the Federal Rules of Civil Procedure, Local Civil Rules, Orders of this Court, and applicable decisional authority while at the same time reducing discovery burdens on the Parties. The Parties agree that for their respective productions the following types of reasonably available ESI will be searched and produced: Electronic Messaging/E-Mail contained in cloud or physical server sources and word-processed documents (e.g., Word, WordPerfect, or Google Doc files and drafts). ESI will be produced in native format or as PDFs, as appropriate and as agreed to by the parties.

3. The parties have conferred about claims of privilege and claims of protection as trial-preparation materials. The parties have agreed on the following procedure to assert these claims after production:

> If a party withholds documents based on a claim of privilege, work-product protection, or as protected trial preparation materials, the party must serve a privilege log within 14 days of the relevant production of documents. If the receiving party disputes a claim of privilege or protection, the receiving party shall meet and confer[1] with the producing party. If the parties cannot resolve the dispute within 10 days of the date on which the receiving party notified the producing party of the dispute, either party may request in camera review and determination by the Court. Any such request must be lodged with the Court on or before July 30, 2024. The non-requesting party may submit a response within 5 business days of the request.

Unless specifically requested in a filing with this court, the parties' agreed procedure will not be the subject of a court order under Federal Rule of Evidence 502. Any motions relating to disputed claims of privilege will be filed not later than July 30, 2024.

4. Any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules for this District shall be specifically described below.

## DEADLINES

5. The parties have already served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

6. The parties shall serve all interrogatories and requests for production on or before June 30, 2024.

7. Depositions of all non-expert witnesses shall be completed by July 30, 2024.

---

[1] "Meet and confer," as used herein, shall include meetings held by phone or video conference, to include software such as Zoom, Teams, Webex, or similar platforms. It shall not be construed to require an in-person meeting.

8. Plaintiff shall submit rebuttal expert witness reports within 60 days after receipt of any defense reports. Depositions of plaintiff's expert witnesses shall be completed within 60 days thereafter.

9. Defendant shall submit expert witness reports on or before April 30, 2024. Depositions of defendants' expert witnesses shall be completed by June 30, 2024.

10. The Early Neutral Evaluation session shall be conducted on _____ at _____ am ____ pm. The parties have agreed that _____ will serve as the early neutral evaluator.  (Note: Paragraph 10 only applies to ENE-eligible cases pursuant to Local Rule No. 16.1.)

11. The parties shall serve all requests for admission on or before July 30, 2024.

12. All discovery shall be completed by August 30, 2024 (no later than 8 months after filing of the Answer or Third-Party Answer).

13. Motions for joinder of parties and amendments to the pleadings shall be filed on or before April 30, 2024.

14. Motions, including summary judgment motions but excluding motions relating to the conduct of the trial, shall be filed on or before December 30, 2024.

15. This case shall be ready for trial at the Court's convenience.

Respectfully submitted,

| HARDIN LAW OFFICE | DIGENOVA & TOENSING, LLP |
|---|---|
| By:    */s/ Matthew D. Hardin*<br>Matthew D. Hardin<br>1725 Eye Street NW, Suite 300<br>Washington, DC 20006<br>Phone: (202) 802-1948<br>Email: Matt@MatthewHardin.com<br><br>Attorney for Plaintiffs | By:    */s/ Brady C. Toensing*<br>Brady C. Toensing<br>1775 Eye Street NW, Suite 1150<br>Washington, DC 20006<br>Phone: (202) 289-7701<br>Email: brady@digtoe.com<br><br>Attorney for Plaintiffs |

Date:    April 4, 2024

STATE OF VERMONT

CHARITY R. CLARK
ATTORNEY GENERAL

By:    *David R. Groff*
       David R. Groff
       Assistant Attorney General
       Office of the Attorney General
       109 State Street
       Montpelier, VT 05609-1001
       (802) 828-1101
       David.Groff@vermont.gov

       Bridget Asay
       Michael Donofrio
       STRIS & MAHER LLP
       15 East State Street, Suite 2
       Montpelier, VT   05602
       (802) 828-4285
       basay@stris.com
       mdonofrio@stris.com

       Counsel for Defendants

Date:    April 4, 2024

**Local Form/Rule 26(a)(3)**

**APPROVED AND SO ORDERED:**        **/s/ William K. Sessions III**
**April 5, 2024**        William K. Sessions III, USDC Judge