UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| VERMONT FEDERATION OF SPORTSMEN'S CLUBS, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>MATTHEW BIRMINGHAM, *et al.*,<br><br>*Defendants*. | Case No. 2:23-cv-710 |

## PLAINTIFFS' RESPONSE TO
## NOTICE OF SUPPLEMENTAL AUTHORITY

NOW COME Plaintiffs, by and through undersigned counsel, and respond to the Notice of Supplemental Authority filed at ECF No. 45:

1. The Fifth Circuit decision attached at ECF No. 45-1 stands for an unremarkable proposition: the government can conduct background checks on firearms purchasers. This has been the law for decades. The Supreme Court noted the purpose for background checks in *N.Y. State Rifle & Pistol Ass'n v. Bruen,* 597 U.S. 1, 38 n.9, 142 S. Ct. 2111, 2138 (2022), holding "it appears that [they] are designed to ensure only that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens.'"

2. The Fifth Circuit's opinion holds that the government can allow itself ten days to complete a background check before a purchaser may leave with a firearm in tow. This holding accords with the Second Circuit's binding opinion in *Antonyuk v. Chiumento,* 89 F.4th 271, 330 (2d Cir. 2023) that "Background investigations should be quick and efficient," and allowing New York to

1

impose requirements upon applicants for firearms licenses in order to facilitate such checks.

3. By contrast, Vermont's waiting period only applies to those who have already passed a background check. ECF No. 1, ¶¶ 131, 135, 137. The waiting period accomplishes no governmental purpose, because it only applies to otherwise eligible purchasers. *Id.* at ¶¶9, 15.  It is historically unjustified to impose a purposeless waiting period. *Id.* at ¶ 189. See also ECF No. 32-1 at 42 *et seq.*

WHEREFORE, Plaintiffs respectfully suggest that the decision of the Fifth Circuit in *McRorey et al. v. Garland, et al.*, submitted by Defendants at ECF No. 45-1, is correct and it should guide this Court in its inquiry into Vermont's waiting period, but that the decision compels this Court to rule that Vermont's purposeless waiting period, which has no connection whatsoever to a background check and indeed only applies to those who have passed such a check, is unconstitutional.

Respectfully submitted,

HARDIN LAW OFFICE

By: /s/ *Matthew D. Hardin*
    Matthew D. Hardin, Vt. Bar. 5815
1725 Eye Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: Matt@MatthewHardin.com

*Attorney for Plaintiff*

DIGENOVA & TOENSING, LLP

By: */s/ Brady C. Toensing*
    Brady C. Toensing
1775 Eye Street NW, Suite 1150
Washington, DC 20006
Phone: (202) 289-7701
Email: brady@digtoe.com

*Attorneys for Plaintiff*