UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| VERMONT FEDERATION OF SPORTSMEN'S CLUBS, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>MATTHEW BIRMINGHAM, *et al.*,<br><br>*Defendants*. | Case No. 2:23-cv-710 |

# PLAINTIFFS'
# NOTICE OF SUPPLEMENTAL AUTHORITY

NOW COME Plaintiffs, by and through undersigned counsel, and hereby file the following Notice of Supplemental Authority:

1. The National Shooting Sports Foundation ("NSSF") is "the trade association for the firearm, ammunition, and hunting and shooting sports industry... It has a membership of more than 10,000 manufacturers, distributors, and retailers of firearms, ammunition, and related products, as well as other industry members throughout the United States." *Nat'l Shooting Sports Found., Inc. v. Ferguson*, No. 2:23-CV-00113-MKD, 2024 U.S. Dist. LEXIS 45333, at *3 (E.D. Wash. Mar. 8, 2024). It is therefore quite well versed in sales statistics relating to firearms in the United States.

2. Courts may take judicial notice of publicly available statistics, including in the context of Second Amendment challenges. *Lara v. Comm'r Pa. State Police*, 97 F.4th 156, 163 n.24 (3d Cir. 2024) (taking judicial notice of crime statistics).

1

3. On April 12, 2024, the NSSF released a report based on data provided by manufacturers to the Bureau of Alcohol, Tobacco, and Firearms, in which NSSF concluded "detachable magazines with a capacity exceeding 10 rounds are the overwhelming standard for firearm owners in the United States" and that "at least 717,900,000" detachable magazines with a capacity of over 10 rounds have been sold during the last 30 years. ECF No. 48-1 at 1.

4. Plaintiffs submit that the attached report demonstrates that detachable magazines with so-called "large" capacities which are banned by Vermont are indisputably "in common use" in the modern era. The Supreme Court has held that a weapon is not "unusual" merely because it was not in use at the time the Second Amendment was adopted, *Caetano v. Massachusetts*, 577 U.S. 411, 412 (2016) (*per curiam*) (vacating judgment and remanding case to Massachusetts Supreme Court because inconsistent with *Heller*'s reasoning), with the concurring justices noting expressly that stun guns are presently "in common use" even though only 200,000 stun guns estimated to be owned in the entire United States. *Id.* at 420 (Alito J., concurring). Indeed, the Massachusetts Supreme Court held after *Caetano* that "stun guns are 'arms' within the protection of the Second Amendment," and therefore "the possession of stun guns may be regulated, but not absolutely banned." *Ramirez v. Commonwealth*, 94 N.E.3d 809, 815 (2018).

5. Insofar as NSSF data and ATF data reveal that 717 *million* detachable magazines with a capacity of over 10 rounds have been sold, this means that such "large capacity" magazines are over 3500 times more common than the stun guns which were at issue in *Caetano* and *Ramirez.*

WHEREFORE, Plaintiffs respectfully submit that this Court should take judicial notice of the attached NSSF report, and use the NNSF report in determining whether detachable magazines of greater than ten rounds are "in common use" or "commonly chosen" by Americans as those phrases are used in *District of Columbia v. Heller*, 554 U.S. 570, 629 (2008).

Respectfully submitted,

| HARDIN LAW OFFICE | DIGENOVA & TOENSING, LLP |
|---|---|
| By: /s/ *Matthew D. Hardin*<br>    Matthew D. Hardin, Vt. Bar. 5815<br>1725 Eye Street NW, Suite 300<br>Washington, DC 20006<br>Phone: (202) 802-1948<br>Email: Matt@MatthewHardin.com | By: */s/ Brady C. Toensing*<br>    Brady C. Toensing<br>1775 Eye Street NW, Suite 1150<br>Washington, DC 20006<br>Phone: (202) 289-7701<br>Email: brady@digtoe.com |
| *Attorney for Plaintiff* | *Attorneys for Plaintiff* |