UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| VERMONT FEDERATION OF SPORTSMEN'S CLUBS,<br>POWDERHORN OUTDOOR SPORTS CENTER, INC.,<br>JPC, INC. (D/B/A BLACK DOG SHOOTING SUPPLIES),<br>PAUL DAME, and<br>MARSHA J. THOMPSON<br><br>      Plaintiffs,<br><br>  v.<br><br>MATTHEW BIRMINGHAM, Director of the Vermont State Police, in his Official and Personal Capacities,<br>CHARITY CLARK, Attorney General of the State of Vermont, in her Official and Personal Capacities, and<br>SARAH GEORGE, State's Attorney for Chittenden County, in her Official and Personal Capacities,<br>      Defendants. | Civil Case No. 2:23-cv-00710 |

## NOTICE OF SUPPLEMENTAL AUTHORITY

    The Supreme Court's recent Second Amendment decision in *United States v. Rahimi*, No. 22-915, 2024 WL 3074728 (U.S. June 21, 2024) is relevant and controlling authority. In *Rahimi*, the Court reversed a decision by the Fifth Circuit and upheld the defendant's criminal conviction for possessing a firearm while subject to a domestic-violence restraining order.

    *Rahimi* confirms that the right secured by the Second Amendment "was never thought to sweep indiscriminately." *United States v. Rahimi*, No. 22-915, 2024 WL 3074728, at *5 (U.S. June 21, 2024). The bearing of arms was historically "subject to regulations ranging from rules about firearm storage to restrictions on gun use by drunken New Year's Eve revelers. Some jurisdictions banned the carrying of 'dangerous and unusual weapons.' Others forbade carrying

1

concealed firearms." *Id.* (citations omitted).

The Court emphasized that the historical analysis called for by *Heller* and *Bruen* is not a search for a law that is "a 'dead ringer' or a 'historical twin.'" *Id.* at *6. Indeed, the Court criticized both the dissenting justices and the Fifth Circuit for "read[ing] *Bruen* to require a historical twin rather than a historical analogue." *Id.* at *11 (cleaned up). The "Second Amendment permits more than just those regulations identical to ones that could be found in 1791." *Id.* at *6. Instead, the "appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." *Id.*

Applying this standard, the Court held that "the Government offers ample evidence that the Second Amendment permits the disarmament of individuals who pose a credible threat to the physical safety of others." *Id.* at *7. It thus upheld the defendant's conviction even though the federal statute that he violated "is by no means identical" to founding era laws. *Id.* at *9.

Dated: July 9, 2024                                             Respectfully Submitted,

/s/ Bridget Asay
Bridget Asay
Michael Donofrio
STRIS & MAHER LLP
15 East State Street, Suite 2
Montpelier, Vermont 05602
(802) 858-4285
(802) 858-4465
basay@stris.com
mdonofrio@stris.com

David R. Groff
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, Vermont 05609-1001
(802) 828-1101
david.groff@vermont.gov
*Attorneys for Defendants*