UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| VERMONT FEDERATION OF SPORTSMEN'S CLUBS, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> MATTHEW BIRMINGHAM, *et al.*, <br><br> *Defendants.* | Case No. 2:23-cv-710 |

# PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

NOW COME Plaintiffs, by and through undersigned counsel, and respond to the Notice of Supplemental Authority filed by Defendants at ECF70:

Plaintiffs agree that *United States v. Rahimi*, No. 22-915, 2024 U.S. LEXIS 2714 (U.S. June 21, 2024), is relevant and controlling. ECF70 at 1. In *Rahimi*, the Supreme Court unanimously held that the Second Amendment applies to all law-abiding citizens, and rejected the notion that it only applied to a narrow subset of "responsible" citizens. *Id.*, at *30, see also *124 (Thomas, J., dissenting) ("Not a single Member of the Court adopts the Government's theory" limiting its applicability).

The State's suggestion that it could have banned drunken carrying of firearms, or dangerous and unusual weapons, and that it can prohibit individuals who pose a "credible threat" from carrying firearms, ECF70 at 1-2, only underscores the unconstitutionality of its laws. Vermont's waiting period law presumptively disarms *every citizen*, without any finding (credible or otherwise) of dangerousness and without any investigation or background check which could lead to such a finding, for at least 72

1

hours. And Vermont has not banned "dangerous and unusual" arms, but has instead banned some of the most common arms in America.

Most importantly, *Rahimi* reemphasized that firearms restrictions are presumptively unconstitutional and that a rigorous and prescribed historical analysis is the only valid mechanism for a court to employ in assessing the constitutionality of such restrictions. *Id.* at *46. ("When considering whether a modern regulation is consistent with historical regulations and thus overcomes the presumption against firearms restrictions, our precedents [assess] how and why the regulations burden a law-abiding citizen's right to armed self-defense.").

Quoting just one sentence, the State's Notice claims the standard for assessing the constitutionality of a modern firearm regulation involves simply "considering" whether the law "'is consistent with the principles that underpin our regulatory tradition.'" ECF70 at 2 (citing *id.* at 16) But the State then ignores (as it did with *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1 (2022)) the most important part – how *Rahimi* directs courts to perform that analysis. The rest of that paragraph explains that "a court must ascertain whether the new law is 'relevantly similar'" to the proposed analogs. *Id.* "Central to this inquiry" is an analysis of the "[w]hy and how the regulation burdens the right." *Id.* at 17. The Supreme Court then goes on to demonstrate how to perform this analysis (as it did in *Bruen*), which is required to determine whether the State has carried its burden and overcome the presumptive unconstitutionality of its laws. *Id.* at 17-29.

Unlike in *Rahimi*, the State has offered no relevant historical analog for its presumptively unconstitutional regulations. It failed to present, much less establish, a historical "how" and "why" for any historically-relevant regulation that is in any way

2

analogous to Vermont's "how" and "why" for either the magazine ban or the waiting period. Therefore, it has failed to carry its burden.

Respectfully submitted,

| | |
|---|---|
| HARDIN LAW OFFICE | DIGENOVA & TOENSING, LLP |
| By: /s/ *Matthew D. Hardin*<br>     Matthew D. Hardin, Vt. Bar. 5815<br>1725 Eye Street NW, Suite 300<br>Washington, DC 20006<br>Phone: (202) 802-1948<br>Email: Matt@MatthewHardin.com | By: /s/ *Brady C. Toensing*<br>     Brady C. Toensing<br>1775 Eye Street NW, Suite 1150<br>Washington, DC 20006<br>Phone: (202) 289-7701<br>Email: brady@digtoe.com |
| *Attorney for Plaintiff* | *Attorneys for Plaintiff* |