UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| VERMONT FEDERATION OF SPORTSMEN'S CLUBS, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> MATTHEW BIRMINGHAM, *et al.*, <br><br> *Defendants.* | Case No. 2:23-cv-710 |

# PLAINTIFFS'
# NOTICE OF SUPPLEMENTAL AUTHORITY

NOW COME Plaintiffs, by and through undersigned counsel, and notify this Court of the July 16, 2024 opinion of the Eighth Circuit in *Worth v. Jacobson*, No. 23-2248, 2024 U.S. App. LEXIS 17347 (8th Cir. July 16, 2024), which is attached hereto.

In *Worth*, the State of Minnesota was attempting to defend a ban on the carry of firearms by individuals 18 through 21 years of age, but it was unable to carry its burden and the lower court's judgment that the law was unconstitutional was affirmed. As the first appellate decision to apply the Supreme Court's recent holding in *United States v. Rahimi*, 219 L.Ed.2d 351 (U.S. 2024), *Worth* is also illustrative here for the following reasons:

1. *Worth* rejected the idea that expert testimony or reports are required to interpret the text of the Second Amendment. *Worth*, 2024 U.S. App. LEXIS 17347, at *11 n.4 (*Bruen*'s part 1 text analysis is a focused application of the "'normal and ordinary' meaning that would have been discernable by the people"); at 14 *(citing*

1

*and quoting New York State Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 20 (2022) and *District of Columbia v. Heller*, 554 U.S. 570, 576-77 (2008)).

2. *Worth* held that courts must focus on the "original definition" of a constitutional right to discern its scope rather than its "original contents." *Id.* at 17 ("*Heller* rejected the idea that the Second Amendment protected only the original contents of the defined term 'arms' and, instead, applied that original definition 'to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding.'") (*quoting Heller*, 554 U.S. at 582 and *citing Bruen*, 597 U.S. at 47)

3. Minnesota argued that a "more nuanced approach" to Second Amendment analysis allowed the court to consider the sort of generalized historical reasoning proffered by Vermont in this case. For example, Minnesota argued that because handguns were not "in common use" at the Founding, the lack of Founding-era regulations comparable to the modern regulations justified later or less comparable analogs. *Id.* at *34. This argument was rejected by the 8th Circuit. ("This contention contradicts *Bruen* and *Heller*'s 'in common use' doctrine: 'the Second Amendment protects only the carrying of weapons that are those in common use at the time,' as opposed to those that 'are highly unusual in society at large.'" *Id.* (*quoting Bruen*, 597 U.S. at 47 (*quoting Heller*, 554 U.S. at 629))

Respectfully submitted,

| | |
|---|---|
| HARDIN LAW OFFICE | DIGENOVA & TOENSING, LLP |
| By: /s/ *Matthew D. Hardin* | By: */s/ Brady C. Toensing* |
|     Matthew D. Hardin, Vt. Bar. 5815 |     Brady C. Toensing |
| 1725 Eye Street NW, Suite 300 | 1775 Eye Street NW, Suite 1150 |
| Washington, DC 20006 | Washington, DC 20006 |
| Phone: (202) 802-1948 | Phone: (202) 289-7701 |
| Email: Matt@MatthewHardin.com | Email: brady@digtoe.com |
| *Attorney for Plaintiff* | *Attorneys for Plaintiff* |